**FILED**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 0 4 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

VICTOR GENIS-MALDONADO,

Defendant.

---

10-CR-142

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

On March 22, 2010, Victor Genis-Maldonado plead guilty to a single-count indictment, which charged that on January 31, 2010 the defendant, an alien who had previously been deported from the United States after a conviction for the commission of a felony, was found in the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to such alien's applying for admission, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1).

Genis-Maldonado was sentenced on July 22, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category IV, yielding a guidelines range of imprisonment of between 57 and 71 months. The offense carried a maximum term of imprisonment of 10 years. 8 U.S.C. § 1326(b)(1). The guidelines range of fine was from $7,500 to $75,000.

Genis-Maldonado was sentenced to time served and 5 years' supervised release. The defendant consented to a period of supervised release longer than that authorized by the statute. *See* 18 U.S.C. §§ 3583(a) and (b)(2). A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense of illegal reentry is a serious one, and defendant has repeatedly reentered this country despite being apprehended and deported each time. He has been a hardworking person with strong family ties to his mother in Mexico, to his three children born in the United States, and to their mother, with whom he has been living in the United States as husband and wife. Defendant stated under oath his family's plan to move together to Mexico upon defendant's release and to establish a life together there. He and his partner plan to be married upon their arrival in Mexico. The interests of defendant's three young children, who are all United States citizens, would best be served by being brought up in an intact family with both their mother and their father present. Defendant has been in custody since his arrest on February 16, 2010. A sentence of time served and five years' supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal reentry into this country will result in a substantial prison sentence, likely deportation, and stringent conditions during the period of supervised release. Specific deterrence is achieved through defendant's likely deportation, the threat of increased penalties if defendant should return again during the five-year supervised release period, and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his desire not to be separated from his children, his need to provide

3

financial support to his immediate and extended family, and his plans to move with his entire family to Mexico upon his deportation.

Jack B. Weinstein
Senior United States District Judge

Dated: July 26, 2010
      Brooklyn, New York

4